# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JILL DECERBO, on Behalf of Herself and all Other Similarly Situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>MELITTA USA INC.,<br><br>Defendant. | Case No. 8:16-cv-00850-EAK-AAS |

**PLAINTIFF JILL DECERBO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MELITTA USA, INC.'S MOTION TO DISMISS PLAINTIFF'S <u>CLASS ACTION COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ...................................................................................................1

II.  SUMMARY OF THE FACTS................................................................................3

IV.  STANDARDS OF REVIEW ..................................................................................4

    A.   Motions to Dismiss Under Rule 12(b)(6) ......................................................4

    B.   Rule 9(b) .........................................................................................................5

    C.   Matters Outside of the Pleadings ...................................................................5

    D.   Judicial Notice ................................................................................................6

V.   ARGUMENT...........................................................................................................7

    B.   PLAINTFIF HAS STANDING TO REPRESENT CONSUMERS WHO PURCHASED SUBSTANTIALLY SIMILAR PRODUCTS ..........9

    C.   PLAINTIFF PLAUSIBLY PLEADS VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT .........................................10

        1.   Plaintiff Has Plead an Affirmative Misrepresentation...................12

        2.   Plaintiff Has Pled a Fraudulent Omission.....................................13

        3.   Plaintiff Has Pled a Regulatory Violation .....................................13

    D.   PLAINTIFF PLAUSIBLY PLEADS VIOLATIONS OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT ......................................................14

    E.   PLAINTIFF PLAUSIBLY PLEADS A CLAIM FOR BREACH OF EXPRESS WARRANTY ......................................................14

    F.   PLAINTIFF PLAUSIBLY PLEADS BREACH OF IMPLIED WARRANTIES ................................................................15

VI.  CONCLUSION......................................................................................................15

Plaintiff Jill Decerbo ("Plaintiff") respectfully opposes the motions to dismiss filed by Defendant Melitta USA, Inc. ("Melitta" or "Defendant") and states as follows:

## I. INTRODUCTION

Defendant Melitta USA, Inc. ("Melitta") does not deny that it uses artificial characterizing flavors in its coffee products or that the front labels of these products violate FDA regulations and California law. In an attempt to avoid liability, however, Melitta argues that "Plaintiff cannot deny that the Products' packaging identifies that the Products are made with natural and artificial flavors." Def.'s Mot. at 5. This is not the point of the claims at issue. Defendant has introduced two exhibits that purportedly show the "actual" product labels. Defendant argues that Plaintiff's complaint must be dismissed because the ingredient lists on the product labels it has introduced contain the words "Natural and Artificial Flavors." Defendant further argues that the Court should take judicial notice of the product labels. However, Melitta's extrinsic exhibits will not save it from liability.

*First*, such matters outside of the pleading would convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). Although Defendant is requesting the Court to take judicial notice of the product labels, this Court should not consider the labels because Plaintiff is objecting to the propriety of taking judicial notice and is questioning the authenticity of Melitta's exhibits. *See* Fed. R. Evid. 201(e). Plaintiff contends that the purported product labels are not the type of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Moreover, Defendant has not even "supplied the court with the necessary information" to lay the proper foundation for the product labels. Fed. R. Evid. 201(c)(2).

***Second***, even if the Court were to consider the extrinsic product labels, they do not absolve Defendant of liability. As is shown on the labels and alleged in Plaintiff's complaint, the words "artificially flavored" do not explicitly appear on the ***front*** of the product labels in ***bold*** type, as is required by applicable state and federal laws. Compl. ¶¶ 31; 34. Thus, the Melitta products are *per se* deceptive. Moreover, the purported disclosure of "Natural and Artificial" flavors on the back of the product in small font does not negate Melitta's overall advertising message. *See Marty v. Anheuser-Busch Companies, LLC,* 43 F. Supp. 3d 1333, 1341 (S.D. Fla. 2014) ("A reasonable consumer may not necessarily look at the underside of the carton in deciding whether to purchase a product.") (citing *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.")); *see also Dorfman v. Nutramax Labs., Inc.*, No. 13CV0873 WQH RBB, 2013 WL 5353043, at *11 (S.D. Cal. Sept. 23, 2013) ("[T]he presence of a disclaimer...does not require dismissal of the fraudulent advertising claims."); *Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 2573493, at *4 (S.D. Cal. June 24, 2010) (refusing to grant a motion to dismiss false advertising claims because the packaging had a disclaimer).

***Finally***, Plaintiff's complaint is well-pled. Plaintiff states plausible claims against Melitta under the New Jersey Consumer Fraud Act (N.J. STAT. ANN. § 56:8-2) ("NJCFA") and the New Jersey Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA") (N.J.S.A. § 56:12–15). Plaintiff also alleges plausible claims for relief for Melitta's breaches of express and implied warranties.

Thus, for the foregoing reasons, Plaintiff respectfully asks this Court to deny Melitta's motion to dismiss.

## II.  SUMMARY OF THE FACTS

Plaintiff Jill Decerbo is a resident of New Jersey who brings this class action lawsuit against the Florida-based Defendant Melitta USA, Inc. Compl., ¶¶ 15-18. Plaintiff alleges that Melitta owns. manufactures, advertises, distributes, and sells varieties of flavored coffee in cans, bags, and single-serving pods.  See Compl., ¶ 3. According to the complaint, Melitta uses phrases like "Hazelnut Creme Medium Roast," "French Vanilla," and "Buttery Rich Flavor of Wild Hazelnuts" on the Product's front label to suggest to the consumer that this is a superior product with premium natural ingredients. Compl., ¶¶ 4; 10. However, Melitta's coffee products are not of a premium value like it represents to consumers and are instead nothing but "inexpensive coffee[s] with added artificial flavoring." Compl., ¶ 11.

Under applicable state and federal laws, Melitta is required to disclose to consumers its use of artificial characterizing flavors on the front-label of its coffee products. Compl., ¶ 5 (citing 21 CFR § 101.22). Specifically, a product's front label must disclose explicitly and prominently whether the product's characterizing flavor is created through the use of natural or artificial ingredients and the words "artificial" or "artificially flavored" must appear with the name of the characterizing flavor in the type size specified and with no intervening text. Compl., ¶ 6.

Aside from Melitta's per se violations of the law, Plaintiff alleges that "Defendant's entire packaging, labeling, and marketing scheme is intended to give consumers the false or deceptive impression that they are buying a premium, naturally-flavored, 'gourmet' product.'"

Compl., ¶ 9. Plaintiff seeks to represent a consumer class defined as "All persons who purchased the Products in the State of New Jersey and other states in the United States, which have consumer protection laws similar lo New Jersey, on or after March 29. 2010 until the present." Compl., ¶ 64.

### III. PLAINTIFF DISPUTES THE AUTHENTICITY OF MELITTA'S EXHIBITS AND REQUESTS AN OPPORTUNITY TO BE HEARD ON THE PROPRIETY OF TAKING JUDICIAL NOTICE

Plaintiff objects to the exhibits relied on by Defendants because they lack foundation under Federal Rule of Evidence 901. To the extent that the Court is inclined to consider Defendant's exhibits when ruling on its Rule 12(b)(6) Motion, then Plaintiff respectfully requests an opportunity to be heard on the propriety of taking judicial notice under Federal Rule of Evidence 201(e).

### IV. STANDARDS OF REVIEW

#### A. Motions to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of

the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); *see also Twombly*, 550 U.S. at 555. When ruling on a motion to dismiss, the court "accepts as true all well-pleaded allegations of the [] Class Action Complaint, and construes all reasonable inferences therein in the light most favorable to the plaintiff." *In re Paincare Holdings Sec. Litig.*, No. 6:06-CV-362-ORL-28DA, 2007 WL 1229703, at *3 (M.D. Fla. Apr. 25, 2007) (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n. 2 (11th Cir. 2001)).

    **B.**    **Rule 9(b)**

Rule 9(b) presents heightened pleading requirements for plaintiffs alleging fraud or mistake. In alleging fraud or mistake, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must establish the "who, what, when, where, and how of a fraud." *See Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir.2008). "But the application of Rule 9(b) is not intended to abrogate the concept of notice pleading." *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1306 (S.D. Fla. 2013). "Rather, the purpose of the heightened pleading standard for fraud is to give the defendant notice of the claims brought against it, to protect the defendant from harm to its reputation, and to prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs." *Id.*

    **C.**    **Matters Outside of the Pleadings**

"As a general rule, the Court must 'limit[ ] its consideration to the pleadings and exhibits attached thereto' when deciding a Rule 12(b)(6) motion to dismiss." *Fostano v. Pioneer Credit Recovery, Inc.*, No. 13-80511-CIV, 2013 WL 6002218, at *2 (S.D. Fla. Nov. 12, 2013) (citing

- 5 -

*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000)). Federal Rule of Civil Procedure 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and that "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

There is an exception to the general rule if the "documents are (1) central to the plaintiff's claim and (2) undisputed." *Fostano v. Pioneer Credit Recovery, Inc.*, No. 13-80511-CIV, 2013 WL 6002218, at *2 (S.D. Fla. Nov. 12, 2013) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002)). "'Undisputed' means that the authenticity of the document is not challenged." *Id.* (holding that "Defendant's submission of an affidavit requires this Court to convert its motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d)).

    **D.**     **Judicial Notice**

Federal Rule of Evidence 201 provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or 2.) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. An adverse party may make a "timely request" to be "heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e); see also Fed. R. Evid. 201 advisory committee's note on Subdivision (e) ("Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request.").

V.     ARGUMENT

    A.     **PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF ON BEHALF OF A CLASS OF AGGRIEVED CONSUMERS**

To satisfy the United States Constitution's standing requirement, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Although a plaintiff must prove a "real and immediate threat of repeated injury," it is also important to consider that "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S.Ct. 669 (1974)).

Defendant seems to acknowledge that there is a split amongst federal courts on the issue of whether a plaintiff has standing to seek injunctive relief after purchasing the product at issue. Defendant cites to *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc*, 797 F.3d 1248 (11th Cir. 2015), suggesting that it is controlling authority.  However, *Duty Free Americas* was not a consumer class action and is inapposite. *Id.*  Indeed, it appears that the Eleventh Circuit has not considered this exact issue.  As such, this Court should find the reasoning in *Ries v. Arizona Beverages USA, LLC* to be persuasive. 287 F.R.D. 523 (N.D. Cal. 2012). The court in *Ries* held that if the Court were "to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result." *Ries*, 287 F.R.D. at 533.

The reasoning in *Ries* is well-accepted— it furthers the intent of consumer protection legislation. *See, eg., Larsen v. Trader Joe's Co.*, 2012 WL 5458396 (N.D. Cal. June 14, 2012) (holding that plaintiffs had standing to seek injunctive relief even though they would not purchase the food items in question again because of their synthetic ingredients); *Henderson v. Gruma Corp.*, No. 10–04173, 2011 WL 1362188 at *7 (C.D. Cal. Apr. 11, 2011) ("federal courts would be precluded from enjoining false advertising ....because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ('once bitten, twice shy') and would never have Article III standing."); *Koehler v. Litehouse, Inc.*, 2012 WL 6217635 (N.D. Cal. 2012) (holding that "[t]o do otherwise would eviscerate the intent" of "consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief.").

Defendant's reliance on *Dapeer v. Neutrogena Corp.* is also misplaced. 95 F. Supp. 3d 1366 (S.D. Fla. 2015). In *Dapeer*, the Court noted that the "Plaintiff acknowledges in his Complaint that Neutrogena 'removed the 'water + sun barrier' claim from the labels of newly manufactured Neutrogena Beach Defense Sunscreens.'" *Id.* at 1374. Here, the exact opposite is true. Plaintiff alleges that Melitta's conduct is still ongoing to this day. Compl., ¶ 48 ("Defendant, however, elects instead to conceal [its] use of artificial flavoring in the Products in order to deceive a certain targeted audience of consumers, unlawfully cut costs and increase profits, and compete unfairly and unlawfully in the marketplace."). Plaintiff has also alleged that she and the class members may suffer imminent future harm because they are still being subjected to Defendant's ongoing false advertising campaign. Compl., ¶ 25.

Defendant also improperly raises this argument at the pleadings stage. For example, in *Le v. Kohls Dep't Stores, Inc.,* the court held that in "viewing the facts in the light most favorable to Le [the plaintiff], the Court concludes that Le has alleged a 'significant likelihood and immediacy' of injury from Kohls' advertising scheme and that an order from this Court would be able to redress that harm." No. 15-CV-1171-JPS, 2016 WL 498083, at *9 (E.D. Wis. Feb. 8, 2016). The *Le* Court noted that the plaintiff's complaint was "aimed at a 'company-wide, pervasive, and continuous' false advertising campaign" *Id.* The Court held that "These hypothetical questions <u>underscore the point that discovery is necessary</u> to parse out the salient facts about Le's claim for relief." *Id.* at *10 (emphasis added). Furthermore, the *Le* court concluded that "While Le may recognize that Kohls' allegedly deceptive scheme is afoot, Le has alleged a realistic fear that Kohls' misleading marketing scheme will likely continue to cause economic harms to consumers. At this juncture in the litigation, these allegations suffice to establish Article III standing." *Id.* at *11.

This Court should similarly hold that Plaintiff has alleged plausible facts at this stage of the litigation to satisfy the requirements of Article III standing.

**B.   PLAINTFIF HAS STANDING TO REPRESENT CONSUMERS WHO PURCHASED SUBSTANTIALLY SIMILAR PRODUCTS**

Defendant makes a "one-size-fits-all" argument by stating that "a plaintiff lacks Article III standing to bring claims on behalf of products he did not purchase." Def.'s Mot. at 11 (citing *Dapeer*, 95 F. Supp. 3d at 1373). In *Dapeer*, the products at issue were sunscreen products that all had differing ingredients and SPF levels. *Dapeer*, 95 F. Supp. 3d at 1373. But in this case, "the differences across the products are of little import to the alleged misrepresentations." *Branca v. Nordstrom*, No. 14-cv-2062-MMA (JMA), 2015 WL 10436858, at *4 (S.D. Cal.

Oct. 9, 2015). The Melitta products all have the same primary ingredient— coffee. The alleged misrepresentations are also the same across the board in that Plaintiff is alleging Defendant has misled consumers about its use of artificial characterizing flavors in its coffee products. Thus, this case is more akin to *Astiana v. Dreyer's Grand Ice Cream, Inc.* where the court held "the contested ingredients were the same across all of the ice creams at issue, and their labels were nearly identical." *Branca*, 2015 WL 10436858, at *5 (discussing *Astiana v. Dreyer's Grand Ice Cream, Inc.*, Nos. 11-cv-2910-EMC, 11-cv-3164 -EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012)).

### C. PLAINTIFF PLAUSIBLY PLEADS VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

"The New Jersey Consumer Fraud Act is designed to address sharp practices and dealings whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive or other similar kinds of selling or advertising practices." *Crozier v. Johnson & Johnson Consumer Companies, Inc.*, 901 F.Supp.2d 494 (D. N.J. 2012). Indeed, "A court construes the Consumer Fraud Act (CFA) in light of its objective to greatly expand protections for New Jersey consumers." *D'Agostino v. Maldonado*, 216 N.J. 168, 78 A.3d 527 (2013); see also "The history of the Consumer Fraud Act (CFA) is one of constant expansion of consumer protection; accordingly, it is a court's responsibility to construe it broadly, not in a crabbed fashion." *Jefferson Loan Co., Inc. v. Session*, 397 N.J.Super. 520, 938 A.2d 169 (A.D.2008); *see also Garcia v. L&R Realty, Inc.*, 347 N.J. Super. 481, 790 A.2d 936 (A.D.2002) ("Fundamental remedial purpose of the Consumer Fraud Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship."): *Parker v. Howmedica Osteonics Corp.*, No. CIV.A. 07-02400(JLL), 2008 WL 141628, at *2

(D.N.J. Jan. 14, 2008) ("A court adjudicating a CFA claim must approach dismissal of said claim 'with hesitation'").

In an attempt to distort the NJCFA's broad consumer protection remedies, Defendant distorts the applicable legal standard and also suggests that Rule 9(b)'s heightened pleading standard is a bar to Plaintiff's claims. However, Rule 9(b) is not an exacting standard and can easily be satisfied in this matter. In a similar type of consumer class action involving Colgate Whitening Toothpaste, one court stated the following regarding Rule 9(b):

> The Complaint explains that Defendant (the "who") made the "deeply whiten" and related statements (the "what") on their packaging and in their advertising, which Plaintiff read in Fontana, California (the "where"), beginning in January 2013 (the "when"). These statements are alleged to be false, as Plaintiff asserts that Optic White does not deeply whiten teeth and cannot go beyond surface stain removal and that Plaintiff relied on these misstatements when purchasing the product (the "how"). In other words, Plaintiff has sufficiently alleged her fraud claims.

*Dean v. Colgate-Palmolive Co.,* No. EDCV 15-0107 JGB, 2015 WL 3999313, at *7 (C.D. Cal. June 17, 2015). Similarly here, Plaintiff's complaint explains that Melitta (the "who") failed to disclose its use of characterizing flavors (the "what") on its packaging and in its advertising (the "how"), which Plaintiff read in a Shoprite store in Stanhope, New Jersey (the "where") (compl.,¶ 20), during the class period beginning on or after March 29, 2010 (the "when").

Defendant also suggests that pleading a defendant's intent is necessary to state a claim under the NJCFA. That is not always true. Instead, "To state a cause of action under the CFA, a plaintiff must allege: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements-defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." *Parker v. Howmedica Osteonics Corp.*, No. CIV.A. 07-02400(JLL), 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008). Moreover, "The

- 11 -

NJCFA creates three categories of unlawful practices: affirmative acts, knowing omissions, and violations of state regulations." *Arcand v. Brother Int'l Corp.*, No. 3:07-CV-4987 FLW, 2010 WL 3907333, at *11 (D.N.J. Sept. 29, 2010) (internal citations omitted). The New Jersey Supreme Court explained what is meant by this third category of "unlawful conduct"

> The third category of unlawful acts consists of violations of specific regulations promulgated under the Act. In those instances, intent is not an element of the unlawful practice, and the regulations impose strict liability for such violations. The parties subject to the regulations are assumed to be familiar with them, so that any violation of the regulations, regardless of intent or moral culpability, constitutes a violation of the Act.

*Id*. Moreover, "If a claimed Consumer Fraud Act violation is the result of a defendant's affirmative act, intent is not an essential element." *Bosland v. Warnock Dodge, Inc.,* 197 N.J. 543, 964 A.2d 741 (2009).

### 1. Plaintiff Has Plead an Affirmative Misrepresentation

Defendant states that "Plaintiff does not allege that Melitta made an affirmative representation of the fact that the Products were flavored solely with natural flavorings or, alternatively, that the Products were not artificially flavored. There are no vignettes or pictures of hazelnuts or vanilla leaves on the packaging – only a cup of coffee." However, this Court cannot accept Defendant's arguments that refer to product labels that it has attached without converting Defendant's 12(b)(6) Motion into a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d). Moreover, Plaintiff does allege an affirmative misrepresentation. *See* Compl., ¶¶ 9-10 ("Instead, Defendant's entire packaging, labeling, and marketing scheme is intended to give consumers the false or deceptive impression that they are buying a premium, naturally-flavored 'gourmet' product."

### 2. Plaintiff Has Pled a Fraudulent Omission

Plaintiff also sufficiently pleads fraud by omission. Specifically, Plaintiff alleges that "Defendant omitted legally-required front labeling of their products as 'artificially flavored' for the express purpose of deceiving consumers." Compl., ¶ 27. The issue of whether this was a material omission and whether Defendant had knowledge of this omission are both disputed factual issue that should not be resolved on a Rule 12(b)(6) motion to dismiss. *See, e.g., Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-CV-00296-WHO, 2014 WL 1017879, at *10 (N.D. Cal. Mar. 13, 2014) ("Whether the term 'evaporated cane juice' is actually misleading to a reasonable consumer is a question of fact for a jury to decide, but I cannot say that the plaintiffs' claim is unreasonable as a matter of law.").

### 3. Plaintiff Has Pled a Regulatory Violation

Plaintiff has sufficiently alleged a violation of the CFA because Plaintiff's claims are seeking to enforce regulatory provisions of the Federal Food, Drug, and Cosmetics Act. This exact issue was addressed in *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 96 (D.N.J. 2011). There the court held that "Plaintiffs' assertions are consistent with the FDA requirements. According to the FDA, a company may be in violation of the reference food regulations even if it has used the comparison language suggested by the FDA, if the company exercises poor judgment in avoiding claims that are misleading because of their 'overall context or presentation." *Id.* The *Smailaj* court concluded, "even if the Court could consider the facts Defendants ask it to consider, the fact that the labels were literally true does not mean they cannot be misleading to the average consumer." *Smajlaj*, 782 F. Supp. at 98.

### D. PLAINTIFF PLAUSIBLY PLEADS VIOLATIONS OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT

"The New Jersey Truth-In-Consumer Contract, Warranty, and Notice Act (NJTCCA) can be violated if a contract or notice simply contains a provision prohibited by state or federal law, and it provides a remedy even if a plaintiff has not suffered any actual damages." *Barows v. Chase Manhattan Mortg. Corp.*, D.N.J.2006, 465 F.Supp.2d 347. Because Plaintiff has sufficiently stated a claim under the New Jersey Consumer Fraud Act, it necessarily follows that Plaintiff's has also stated a claim under the NJTCCA. Defendant's cited authority only demonstrates this fact. *See Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 380 (D.N.J. 2015).

### E. PLAINTIFF PLAUSIBLY PLEADS A CLAIM FOR BREACH OF EXPRESS WARRANTY

"To plead a claim for breach of express warranty, a plaintiff must set forth facts sufficient to support a plausible inference that (1) Defendant(s) made an affirmation, promise, or description that became part of the basis of the bargain, and (2) the goods ultimately did not conform to the affirmation, promise, or description." *New Hope Pipe Liners, LLC v. Composites One, LCC*, Civ. No. 09–3222, 2009 WL 4282644, at *5 (D.N.J. Nov. 30, 2009). Plaintiff has plead that Defendant has made an express affirmation in that its coffee is a of premium gourmet quality with French vanilla and hazel flavorings. Consumers would not expect premium gourmet coffee to contain artificial ingredients. As in *Smailaj*, "Defendants' only arguments with respect to Plaintiffs' express warranty claim are the same arguments made with respect to the Consumer Fraud Act claim: that there is no misrepresentation and no injury. These arguments are meritless as to this claim just as they were meritless with respect to the

Consumer Fraud Act claim." *Smajlaj*, 782 F. Supp. at 10. Plaintiff's breach of warranty claims under New Jersey law and similar state laws should proceed.

### F. PLAINTIFF PLAUSIBLY PLEADS BREACH OF IMPLIED WARRANTIES

"Under an implied warranty of merchantability, a manufacture[r] warrants to deliver a product that is reasonably suitable for the ordinary uses it was manufactured to meet." Green v. G.M.C., 2003 WL 21730592, at *6 (App.Div.2003) (citing *Greene v. BMW of N. Am.*, No. CIV. 2:11-04220 WJM, 2013 WL 5287314, at *2 (D.N.J. Sept. 17, 2013). For the same reasons as above, Defendant made an implied warranty that its coffee products would not contain artificial ingredients because the coffee products are of a premium and gourmet quality with French Vanilla and Hazelnut that consumers would not expect to be artificially flavored. Thus, Plaintiff has sufficiently alleged breach of implied warranty under New Jersey law and similar state laws.

### VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to deny Defendant's motion to dismiss.

DATED: June 29, 2016

CULLIN O'BRIEN LAW, P.A.
CULLIN A. O'BRIEN
Florida Bar No. 0597341

*s/Cullin A. O'Brien*
CULLIN A. O'BRIEN

**CULLIN O'BRIEN LAW, P.A.**
CULLIN A. O'BRIEN
6541 NE 21st Way
Ft. Lauderdale, FL 33308
(561) 676-6370/(561) 320-0285
cullin@cullinobrienlaw.com

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
ron@consumersadvocates.com
SKYE RESENDES
skye@consumersadvocates.com
WILLIAM B. RICHARDS, JR.
bill@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Telephone:     (619) 696-9006
Facsimile:      (619) 564-6665

**THE LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT
2028 3rd Avenue
San Diego, CA 92101
Telephone: 858-228-7997
elliot.david@hotmail.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

*s/ Cullin A. O'Brien*
CULLIN A. O'BRIEN